# UHLER ET AL. *v.* AMERICAN FEDERATION OF LABOR–CONGRESS OF INDUSTRIAL ORGANIZATIONS ET AL.

No. A–137.   Decided September 7, 1984

JUSTICE REHNQUIST, Circuit Justice

Applicants ask that I stay a mandate of the Supreme Court of California prohibiting the placement on California's November 1984 ballot of a proposed "balanced federal budget statutory initiative." The initiative would have required the California Legislature to request Congress to call a Constitutional Convention for the purpose of amending the United States Constitution to require a balanced federal budget. If the legislature failed to act, the initiative would have directed the California Secretary of State, the nominal respondent in this case, to apply directly to Congress in behalf of the State's voters. At present, 32 of the necessary 34 States have formally applied to Congress to convene such a Constitutional Convention.

The Supreme Court of California ruled at the behest of respondents, the American Federation of Labor–Congress of Industrial Organizations et al., who filed an original action in that court challenging the legality of the initiative under

both state law and the United States Constitution. The constitutional provision at issue is that part of Article V which states that "[t]he Congress . . . on the Application of the Legislatures of two thirds of the several States, shall call a Convention for proposing Amendments . . . ."

The California court undertook to decide two clearly federal questions relating to the meaning of the word "Legislatures" in the above clause: (1) whether that word encompasses the voters of a State who have power to enact laws by initiative, and (2) whether it includes a legislature not acting as an independent body, but forced to act by exercise of the initiative power. The court answered each of these questions in the negative, concluding that the word "Legislatures" means the State's lawmaking body of elected representatives, acting independently of restrictions imposed by state law. These federal questions are important and by no means settled; however, because the California court went on to hold the proposed initiative invalid on independent state-law grounds, I am satisfied that a majority of this Court would conclude that there is an adequate and independent state ground for the California court's decision.

After a detailed analysis of California law and a discussion of the treatment of similar questions by other state courts, the Supreme Court of California decided that important portions of the proposed initiative were not "statutes," as that term is used in the California Constitution, but were "resolutions," and were therefore not a proper subject of the initiative process under the California Constitution. *AFL–CIO* v. *Eu*, 36 Cal. 3d 687, 686 P. 2d 609 (1984). We have long held that we will not review state-court decisions such as this, largely for the reason that decisions on the federal questions in such cases would amount to no more than advisory opinions. See *Michigan* v. *Long*, 463 U. S. 1032, 1037–1039 (1983); *Herb* v. *Pitcairn*, 324 U. S. 117, 125–126 (1945).

Applicants urge that the foregoing construction of the California initiative provision, although denominated a state-law

question by the California Court, is actually a "political question" as a matter of federal law and therefore not subject to decision on the merits by a state court. Applicants base their "political question" claim on the decision of this Court in *Coleman* v. *Miller*, 307 U. S. 433 (1939). In that case four Justices of this Court adopted the position that the Court lacked jurisdiction to rule on questions arising in connection with the ratification of a constitutional amendment because all such questions were "political" in nature. But that position did not command a majority in *Coleman, supra,* and however this Court would presently resolve the issues raised in the *Coleman* case, I do not think a majority would subscribe to applicants' expansive reading of the "political question" doctrine in connection with the amending process. Acceptance of applicants' arguments would, in effect, mean that courts in the State of California or elsewhere would be powerless to prevent the placing on the ballot of initiative measures designed to play a part in the process of amending the United States Constitution even though such initiative proposals clearly did not comply with state requirements as to the necessary number of signatures, time of filing, and the like. In the light of later discussions of the "political question" doctrine in cases such as *Powell* v. *McCormack,* 395 U. S. 486 (1969), and *Baker* v. *Carr,* 369 U. S. 186 (1962), I simply do not think this Court would believe that applicants' claim in this regard raises a substantial federal question. See also *Dyer* v. *Blair,* 390 F. Supp. 1291 (ED Ill. 1975) (three-judge court).

The application for a stay is accordingly denied.