THE CATHOLIC LEAGUE, SOUTHERN CALIFORNIA CHAPTER, ET AL. *v.* FEMINIST WOMEN'S HEALTH CENTER, INC., ET AL.

No. A–238.   Decided October 11, 1984

JUSTICE REHNQUIST, Circuit Justice.

Applicants[1] ask that I stay an order of the California Court of Appeal, Second Appellate District, which determines, under state law, the disposition of some 16,000 aborted fetuses presently in the custody of the Los Angeles County District Attorney.   Because I am satisfied that this appeal raises no substantial questions of federal law, I will deny the application.

The fetuses were discovered by a container company on the premises of a defunct pathology laboratory, and were turned over to the District Attorney's office.   After a period of indecision concerning the disposition of the fetuses, during which the District Attorney's office was contacted by several groups, religious and otherwise, offering various means of disposal, the District Attorney made public his decision to turn the fetuses over to a religious organization for the pur-

---

[1] Applicants claim that this Court would have appellate jurisdiction over this case under 28 U. S. C. § 1257(2).   It is questionable whether this case would present a proper appeal, since the lower court opinion does not specifically uphold a state constitutional provision against a claim that it is repugnant to federal law; nevertheless, I would reach the same conclusion with respect to this application whether a subsequent filing would properly be considered an appeal or a petition for certiorari.

pose of holding a burial service, and subsequently arranged for interment in a private cemetery that had offered its space to the State free of charge.

In the meantime respondent organization had filed an action for declaratory and injunctive relief against the District Attorney, in the California courts, seeking to prevent him from turning over the fetuses to a religious group on the ground that such an action would violate the Establishment Clauses of the Federal and State Constitutions. Applicants thereafter contracted with the private cemetery to hold a religious burial service when the fetuses were interred, and to place a memorial plaque at the site. The California Court of Appeal held that the District Attorney's proposal to turn the fetuses over to a religious organization for purposes of holding a memorial service would violate the Establishment Clause of the California Constitution, and another provision of the California Constitution prohibiting state action indicating a "preference" for any particular religion.[2] The California Supreme Court denied review.

The California Court of Appeal found the District Attorney's proposed actions prohibited by independent religion clauses of the California Constitution. This Court of course lacks the power to review such decisions if they are truly independent of questions of federal law. See *Uhler* v. *American Federation of Labor–Congress of Industrial Organizations*, 468 U. S. 1310 (1984) (REHNQUIST, J., in chambers). Applicants contend, however, that as applied the California Constitution's provisions have the effect of denying them their rights to free speech, assembly, and exercise of religion protected by the First Amendment to the United States Constitution. I think that applicants' federal claims are insubstantial. Nothing in the order of the California court

---

[2] The California Constitution prohibits laws "respecting an establishment of religion," and also guarantees the "[f]ree exercise and enjoyment of religion without discrimination or preference . . . ." Cal. Const., Art. I, § 4.

prevents applicants from assembling for purposes of expressing their views with respect to abortion, or from holding a religious or other memorial service. Applicants would find in the First Amendment's Speech or Religion Clauses a right to hold their service as an incident to the actual burial of the fetuses. But the First Amendment does not entitle applicants to have the State enhance the impact of their speech by providing the subjects of a funeral service. The proper disposition of these fetuses is peculiarly a question governed by the law of the State of California. The California courts have held that California laws concerned with avoiding the entanglement of the State with religious causes prohibit the District Attorney from turning the fetuses over to applicants for the holding of a religious service. Because I can find nothing in the First Amendment that is contravened by the Court of Appeal's holding, I am satisfied that this Court would not wish to give this case plenary consideration.

The application for a stay is accordingly denied.